UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANA STEELE ANDERSON                               CIVIL ACTION

VERSUS                                             No. 13-00428

ST. TAMMANY PARISH HOSPITAL                        SECTION I
SERVICE DISTRICT NO. 2 ET AL.

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss or, in the alternative, stay the above-captioned matter pursuant to the *Colorado River* abstention doctrine filed by defendant, St. Tammany Parish Hospital Service District No. 2 d/b/a Slidell Memorial Hospital ("Slidell Memorial"). Plaintiff, Jana Steele Anderson ("Anderson"), has filed an opposition,[2] to which Slidell Memorial has replied.[3] For the following reasons, the motion is **DENIED.**

### *BACKGROUND*

Anderson alleges that she was sexually assaulted by defendant Lloyd Lamy ("Lamy"), a Slidell Memorial employee, while a patient at Slidell Memorial.[4] On October 21, 2010, Anderson filed a complaint in the 22nd Judicial District Court for the Parish of St. Tammany.[5] On March 6, 2013, Anderson filed a complaint in the above-captioned matter, alleging that Slidell Memorial was negligent in numerous ways, including in its hiring and training of Lamy

---

[1] R. Doc. No. 5
[2] R. Doc. No. 8.
[3] R. Doc. No. 12.
[4] R Doc. No. 1, ¶¶ 6, 7.
[5] *Id.* ¶ 15.

1

and in its response to Anderson's complaints.[6] Anderson's complaint acknowledges the pending state court suit, characterizing it as "involving the matters and things involved in this case."[7]

Slidell Memorial contends that the Court should abstain from exercising jurisdiction over Anderson's case pursuant to the *Colorado River* doctrine because the parallel proceedings will result in piecemeal litigation.[8] Anderson responds that the motion should be denied because exceptional circumstances do not exist that would justify the court's abstention from its statutory jurisdiction.[9]

## *STANDARD OF LAW*

Abstention is the relinquishment of a federal court's jurisdiction "when necessary to avoid needless conflict with a state's administration of its own affairs." *Black's Law Dictionary* (9th ed. 2009). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "'The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Id.* (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). "'Abdication of the obligation to decide cases can be justified under [the abstention doctrine] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" *Id.* (quoting *Allegheny*, 360 U.S. at 188-89).

In *Colorado River*, the U.S. Supreme Court noted that, generally, " 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . .' " *Id*. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

---

[6] *Id.* ¶ 6, 7.
[7] *Id.* ¶ 15.
[8] *Id.*
[9] R. Doc. No. 8.

This is because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817-18 (citing *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964)). Accordingly, a court may abstain from a case because of parallel litigation in state court only under "exceptional" circumstances. *Id.* at 818.

In order to determine if the *Colorado River* abstention doctrine applies, courts must first inquire into whether the federal and the state actions are parallel. A suit is parallel when it has "the same parties and the same issues" as a case in a different forum. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

Second, to determine whether "exceptional" circumstances exist in a given case, courts consider six factors: (1) the assumption by either court of jurisdiction over a *res*, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) the extent to which federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Colo. River*, 424 U.S. at 818-19; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18-26 (1983). No one factor is determinative, and all applicable factors must be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

## *DISCUSSION*

The federal and state cases here are parallel cases. Each case has the same defendants, the same plaintiff, and the same issues involved. Accordingly, it is necessary to weigh the aforementioned factors to determine whether exceptional circumstances exist which would require abstention. Considering all of the factors, this Court finds that abstention is not required.

When a court has not taken control over property or any *res*, then the first factor weighs against abstention. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). The parties agree that the first factor weighs against abstention in this case because there is no *res* or property at issue.[10]

The parties also agree that the second factor, the relative inconvenience of the forum, does not weigh in favor of abstention. This factor "primarily involves the physical proximity of the federal forum to the evidence and witnesses." *Id.* at 1191. Where, as here, "[t]he federal and state courts are in approximately the same geographic location within the state," this factor weighs against abstention. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).

The parties disagree as to the significance of the third factor, avoidance of piecemeal litigation, in this case. Anderson contends that the pending litigation would be duplicative, rather than piecemeal.[11] Slidell Memorial contends that because certain claims are timely within the state suit but are prescribed within the federal suit, the federal lawsuit presents fewer claims.[12] Slidell Memorial further contends that Anderson collapses factors one and three by arguing that if there is no *res*, then there is no risk of piecemeal litigation.[13]

A passage from the U.S. Court of Appeals for the Fifth Circuit's decision in *Black Sea* supports Anderson's approach:

---

[10] *E.g.*, R. Doc. No. 5-1, at 5.
[11] R. Doc. No. 8, at 5.
[12] R. Doc. Nos. 5-1, at 6 & 10, at 4.
[13] R. Doc. No. 12, at 3.

> The district court expressly granted a stay primarily to avoid wasteful, duplicative litigation. But "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property. When, as here, no court has assumed jurisdiction over a disputed *res*, there is no such danger. This factor therefore weighs against abstention.

204 F.3d at 650-51 (quoting *Evanston*, 844 F.2d at 1192) (footnotes omitted). In support of its argument, however, Slidell Memorial cites *Stewart*, 438 F.3d at 492, in which the Fifth Circuit noted that the potential for piecemeal litigation existed because the state court would hear a claim that the federal court would not. In *Stewart*, however, the Fifth Circuit acknowledged that the application of *res judicata* can eliminate the danger of inconsistent rulings. *Id.* The Court concludes that the third factor weighs against abstention in this matter.

The fourth factor is measured by the amount of progress made in each action. *Moses H. Cone*, 460 U.S. at 21. Anderson asserts that the state and federal cases are in exactly the same position,[14] but Anderson has not disputed defendants' assertion that numerous pleadings have been filed in the state court case and discovery requests have been exchanged.[15] In federal court, the only pleadings filed have been the complaint and the briefing related to the pending motion. The Court concludes that the fourth factor weighs in favor of abstention.

With respect to the fifth factor, the parties agree that the case directly involves only state law. However, "[t]he absence of a federal-law issue does not counsel in favor of abstention," and the "presence of state law issues weighs in favor of surrender only in rare circumstances." *Evanston*, 844 F.2d at 1193. While generally this would suggest the fifth factor is neutral in this

---

[14] R. Doc. No. 8, at 6.
[15] R. Doc. No. 5-1, at 7 (describing state court litigation).

case, Slidell Memorial argues that a "rare circumstance" is present here.[16] Specifically, Slidell Memorial cites a decision issued by the U.S. Court of Appeals for the Ninth Circuit in which that court concluded that plaintiffs should not be permitted to file a first complaint in state court and a second complaint in federal court because doing so permitted plaintiffs to circumvent statutory restrictions on removal. *See Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253 (9th Cir. 1988).

Slidell Memorial does not cite, and this Court is not familiar with, any Fifth Circuit authority adopting the relevant holding in *American International Underwriters*. The Court has reviewed the Ninth Circuit's opinion as persuasive authority, however, and finds it inapplicable. First, the discussion of removal principles was an alternative basis for affirmance, rather than a subcomponent of the abstention analysis. *See id.* at 1255, 1260. Slidell Memorial's attempt to position the removal analysis within the abstention framework is inconsistent with the clear text of *American International Underwriters*.[17] Slidell Memorial's motion to dismiss was predicated solely on abstention, and the separate, removal-related argument, is raised only in its reply brief. More important, however, is that the analysis in *American International Underwriters* repeatedly emphasizes and relies on the importance of a plaintiff's "choice" or "selection" of a forum. *Id.* The rationale that "a plaintiff should not be permitted to alter the forum that it selects" for litigation is not as forceful when the desired forum was not initially available.[18] *Id.* at 1260. Given the absence of Fifth Circuit authority cited by Anderson and the circumstances of this

---

[16] R. Doc. No. 9-2, at 5.
[17] *E.g.*, R. Doc. No. 12, at 8 n. 2 (requesting that the Court consider removal principles as part of the fifth factor or as an additional factor).
[18] Slidell Memorial asserts that "Anderson originally chose to file suit in Louisiana State Court," but it does not dispute Anderson's assertion that diversity jurisdiction only arose after the state court complaint was filed. R. Doc. No. 8, at 2. Slidell Memorial does not suggest Anderson moved to Tennessee with the objective of creating diversity jurisdiction.

case, the Court concludes that removal principles do not provide an alternative justification for staying or dismissing Anderson's claims.

With respect to the sixth factor, the parties agree that Anderson's interests would be adequately protected in state court.[19] Slidell Memorial contends that this factor weighs in favor of abstention,[20] but the Fifth Circuit has held that the sixth factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193.

The Court briefly notes Slidell Memorial's allegation that Anderson is forum shopping, and that her "sole purpose of filing this federal court proceeding" is to obtain a "more liberal jury pool."[21] The only Fifth Circuit case cited by Slidell Memorial, *Art 57 Properties v. 57 BB Property*, 212 F.3d 596 (5th Cir. 2000), is a one paragraph unpublished opinion. Moreover, the Fifth Circuit has observed in the separate context of declaratory judgments that "[t]he fact that federal forums are sought by some plaintiffs in an attempt to avoid the state court system, does not necessarily demonstrate impermissible forum selection when the [] out-of-state plaintiff invokes diversity. Rather it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants." *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 321 (5th Cir. 2006) (quotation omitted).

## *CONCLUSION*

Only the relative amount of progress in the state court proceeding weighs in favor of abstention. The remaining factors are neutral or weigh against abstention. The Court has considered each factor and the circumstances of the case and concludes this is not the exceptional circumstance in which abstention is warranted.

---

[19] R. Doc. No. 8, at 6; R. Doc. No. 5-1, at 8.
[20] R. Doc. No. 8, at 6.
[21] R. Doc. No. 5-1, at 8.

**IT IS ORDERED** that the motion to dismiss or, in the alternative, stay the above-captioned matter is **DENIED**.

New Orleans, Louisiana, May 3, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**